UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

**GEORGE BEEGMENTON CELESTIN,**

       Plaintiff,

  – against –

**U.S. DEPARTMENT STATE BUREAU OF CONSULAR AFFAIRS, U.S. EMBASSY PORT AU PRINCE,**

       Defendants.
------------------------------------------------------------ X

**MEMORANDUM AND ORDER**
1:20-CV-00947 (AMD) (LB)

**ANN M. DONNELLY**, United States District Judge:

On February 21, 2020, George Beegmenton Celestin and Billy Eberwhein Celestin commenced this *pro se* action against the U.S. Department of State Bureau of Consular Affairs and the U.S. Embassy Port au Prince for violations of their constitutional rights in connection with the denial of a visa for Billy Celestin.[1] (ECF No. 1.) For the reasons that follow, the plaintiffs' complaint is dismissed without prejudice.

## BACKGROUND

George Celestin is a citizen of the United States and his brother Billy Celestin is a citizen of Haiti. (*See id.* at 4, 6.) In 2001, George Celestin initiated a visa application for Billy.[2] (*Id.* at 11.) On April 5, 2013, a consular officer interviewed Billy Celestin at the U.S. Embassy in

---

[1] The complaint does not include Billy Celestin in the case caption (*see* ECF No. 1 at 1), but it does list him as a plaintiff (*id.* at 4).

[2] The INA prohibits aliens from entering or permanently residing in the United States without a visa. *See Kerry v. Din*, 575 U.S. 86, 135 S. Ct. 2128, 2131 (2015) (citing 8 U.S.C. § 1181(a)). A United States citizen or lawful permanent resident may file a petition on behalf of an alien who is their "immediate relative." *Id.* If the petition is approved, "the alien may apply for a visa by submitting the required documents and appearing at a United States Embassy or consulate for an interview with a consular officer." *Id.*; *see also Alharbi v. Miller*, 368 F. Supp. 3d 527, 552-53 (E.D.N.Y. 2019).

Haiti, and his visa application was denied. (*Id.*) The plaintiffs claim that the officer "committed racial discrimination" against Billy Celestin by doing the following: the officer said that Billy was not actually related to George, asked why Billy had a German name, used "intimidation tactic[s] and badgering," "racially profiled" Billy based on "the way he spoke and answered questions, his physical posture, facial appearance, and . . . outfit," and "bullied" Billy by asking for childhood photos of him and George. (*Id.* at 6-7, 11-13.) George Celestin appealed the visa denial, and submitted new documents, including DNA evidence. (*Id.* at 12-13.) On April 25, 2019, Billy Celestin's visa application was denied again. (*Id.* at 11-12.) The plaintiffs claim that Billy Celestin's visa application was rejected "solely base[d] on racial discrimination[] by [the] consular officer in Haiti." (*Id.* at 11.) They seek monetary damages and a "permanent alien card" for Billy Celestin. (*Id.* at 9.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

A *pro se* complaint is held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even

2

after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, a district court may dismiss a case *sua sponte* if it determines that the court lacks subject matter jurisdiction or the action is frivolous, even if the plaintiffs have paid the court's filing fee. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000); *see also Hawkins-El III v. AIG Fed. Sav. Bank*, 334 F. App'x 394, 395 (2d Cir. June 18, 2009) (affirming district court's *sua sponte* dismissal of a frivolous complaint even though the plaintiff paid the filing fee).

## DISCUSSION

### 1. Billy Eberwhein Celestin

The complaint is signed by only George Celestin, and not by Billy Celestin. Rule 11(a) of the Federal Rules of Civil Procedure requires that a pleading be signed "by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). A *pro se* litigant cannot represent anyone other than himself, not even his own relative. *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Schneider v. Mahopac Cent. Sch. Dist.*, No. 20-CV-0709, 2020 WL 509030, at *1-2 (S.D.N.Y. Jan. 30, 2020) (dismissing the claims of plaintiffs who did not sign the cover letter accompanying the complaint or the complaint itself); *Grant v. Cafferri*, No. 19-CV-2148, 2019 WL 6526007, at *7 (E.D.N.Y. Dec. 4, 2019) (dismissing claims brought on behalf of the plaintiff's mother). Accordingly, any claims brought by George Celestin on behalf of his brother must be dismissed.

### 2. Lack of Subject Matter Jurisdiction

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-43 (E.D.N.Y. 1999). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking,

the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.").

"The doctrine of consular nonreviewability generally bars courts from reviewing a consular officer's denial of a visa." *Xian Yong Zeng v. Pompeo*, 740 F. App'x 9, 10 (2d Cir. 2018) (summary order) (citing *Am. Acad. of Religion v. Napolitano*, 573 F.3d 115, 123 (2d Cir. 2009)); *see also Saleh v. Holder*, 84 F. Supp. 3d 135, 138 (E.D.N.Y. 2014) ("Federal courts, as a general matter, lack subject matter jurisdiction over claims arising from the adjudication of visa applications.").[3]

However, "there is a narrow exception where a plaintiff alleges that the denial of a visa to a visa applicant violated the plaintiff's First Amendment right to have the applicant present his views in this Country." *Xian Yong Zeng*, 740 F. App'x at 10. If the exception applies, the court "will review the consular officer's denial of a visa to determine whether the officer acted 'on the basis of a facially legitimate and bona fide reason.'" *Id.* at 11 (quoting *Am. Acad. of Religion*, 573 F.3d at 125). The Second Circuit has not decided "whether this narrow exception to the consular nonreviewability doctrine applies to constitutional challenges other than First Amendment challenges." *Id.* Some courts interpret the exception broadly. *See, e.g., Islam v.*

---

[3] "The Second Circuit has expressed doubt as to whether the doctrine rests on a lack of 'subject matter jurisdiction' in a formal sense, and has instead suggested that it may involve a withdrawal of such jurisdiction or even prudential concerns." *Abdo v. Tillerson*, No. 17-CV-7519, 2019 WL 464819, at *3 (S.D.N.Y. Feb. 5, 2019) (quoting *Gogilashvili v. Holder*, No. 11-CV-01502, 2012 WL 2394820, at *3 (E.D.N.Y. June 25, 2012)) (internal quotation marks omitted). "Whatever the basis for the doctrine, 'it is settled that the judiciary will not interfere with the visa-issuing process.'" *Id.* (quoting *Hsieh v. Kiley*, 569 F.2d 1179, 1182 (2d Cir. 1978)).

*Melisa*, No. 18-CV-2535, 2018 WL 6067503, at *4 (E.D.N.Y. Nov. 20, 2018) ("Courts have carved out a limited exception to the consular nonreviewability doctrine 'in cases brought by U.S. citizens raising constitutional, rather than statutory, claims.'") (quoting *Am. Acad. of Religion*, 463 F. Supp. 2d at 417, and citing *Kerry*, 135 S. Ct. at 2140); *Gogilashvili*, 2012 WL 2394820, at *5 ("The Second Circuit has recognized a[n] ... exception to the doctrine of nonreviewability where denial of a visa is alleged to violate the constitutional rights of a United States citizen."). The exception does not apply if the "plaintiff is not a United States citizen." *Islam*, 2018 WL 6067503, at *4; *see also Abdo*, 2019 WL 464819, at *4; *Gogilashvili*, 2012 WL 2394820, at *5.

Construing George Celestin's allegations to "raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)), I conclude that the Court lacks subject matter jurisdiction over his claims under the doctrine of consular nonreviewability. George Celestin challenges the denial of Billy Celestin's visa application, (*see* ECF No. 1 at 11), and asks the Court for a "permanent alien card" for Billy (*id.* at 9). The doctrine of consular nonreviewability bars the Court from reviewing the denial of Billy Celestin's application and granting this relief. *See Xian Yong Zeng*, 740 F. App'x at 10. George Celestin does not assert any First Amendment violation, which means that the established exception to the consular nonreviewability doctrine for First Amendment violations does not apply. *See id.* While George Celestin does allege that his brother was the victim of racial discrimination in the visa application process, (ECF No. 1 at 6-7, 11-13), he does not plausibly allege that his own constitutional rights were violated. Therefore, even if the exception applies to the violation of any constitutional right, it does not apply here. *See Burrafato v. U.S. Dep't of State*, 523 F.2d 554, 556-57 (2d Cir. 1975)

(concluding that the district court did not have subject matter jurisdiction because "no constitutional rights of American citizens over which a federal court would have jurisdiction were 'implicated'").

## CONCLUSION

I dismiss the plaintiffs' fee-paid complaint without prejudice. I grant George Celestin thirty days from the date of this memorandum and order to file an amended complaint that alleges facts to support subject matter jurisdiction. I remind Mr. Celestin that he cannot represent his brother. If George Celestin does not amend the complaint within thirty days of the date of this memorandum and order, judgment will enter. No summons will issue at this time, and all further proceedings are stayed for thirty days.

Although George Celestin has paid the filing fee to bring the action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: Brooklyn, New York
March 9, 2020

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge