UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                    :
**GEORGE BEEGMENTON CELESTIN**,                                     :
                                                                    :
                              Plaintiff,                            :
                                                                    :   **MEMORANDUM AND ORDER**
            – against –                                             :   20-CV-947 (AMD) (LB)
                                                                    :
**U.S. DEPARTMENT STATE BUREAU OF                                   :
CONSULAR AFFAIRS**, **U.S. EMBASSY PORT                             :
AU PRINCE**,                                                        :
                                                                    :
                              Defendants.                           :
------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

Before the Court is the *pro se* plaintiff's letter motion. (ECF No. 7.) I construe the motion as a request for reconsideration pursuant to Rule 60 of the Federal Rules of Civil Procedure, a request for a refund of the filing fee, and a request to file an amended complaint. For the reasons that follow, the requests for reconsideration and a refund are denied, but the request to file an amended complaint is granted.

On February 21, 2020, the plaintiff commenced this action against the U.S. Department of State Bureau of Consular Affairs and the U.S. Embassy Port au Prince for violations of his and his brother's constitutional rights in connection with the denial of a visa for his brother. (ECF No. 1.)[1] On March 9, 2020, the Court dismissed the action without prejudice for lack of subject matter jurisdiction, but gave the plaintiff thirty days to file an amended complaint. (ECF No. 4.) The plaintiff did not file an amended complaint, and the Court entered judgment dismissing this action on May 11, 2020. (ECF No. 5.) The plaintiff filed an appeal with the

---

[1] The complaint did not include George Celestin's brother Billy Celestin in the case caption (*see* ECF No. 1 at 1), but it did list him as a plaintiff (*id.* at 4). I dismissed all claims brought by George Celestin on behalf of his brother. (ECF No. 4 at 3.)

Court of Appeals for the Second Circuit on May 26, 2020.  (ECF No. 6.)  On July 23, 2020, the plaintiff submitted a letter to the Court in which he explained that he "did not repl[y] right away . . . because [he] had the corona virus and [he] was extremely sick."  (ECF No. 7.)  He also discussed his underlying claims, and stated that the Court could have refunded the filing fee.  (*Id.*)  After he submitted this letter, the Court of Appeals dismissed his appeal because he did not pay the filing fee or move for *in forma pauperis* status.  (ECF No. 8.)

Rule 60(b) allows the Court to relieve a party from a final judgment in certain circumstances, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).[2]  "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances."  *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).  "A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided."  *Djenasevic v. New York*, No. 17-CV-6366, 2019 WL 2330854, at *2 (E.D.N.Y. May 30, 2019) (quoting *Maldonado v. Local 803 I.B. of Tr. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013)) (internal quotation marks omitted).

The plaintiff has not raised any grounds that justify reconsideration of the Court's March 9, 2020 order.  The plaintiff says that the information in his complaint is "true and factual," and that he "should be able to represent [his] brother."  (ECF No. 7.)  In the March

---

[2] In addition to Rule 60, Rule 59 provides a basis to ask the Court to reconsider.  However, under Rule 59, a party may file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment.  Fed. R. Civ. P. 59(e).  The plaintiff filed this motion well after the 28-day deadline had passed.

order, I considered these allegations and specifically addressed whether the plaintiff could represent his brother. (ECF No. 4.) I concluded that I did not have subject matter jurisdiction because the plaintiff's claims arose from the adjudication of a visa application and were therefore barred under the doctrine of consular nonreviewability, and the plaintiff did not plausibly allege that his own constitutional rights were violated to establish that an exception to the doctrine applied. (*Id.* at 3-6.) I also found that the plaintiff could not represent his brother because non-lawyers can only represent themselves; they cannot represent other people, even their relatives. (*Id.* at 3.) The plaintiff has not given any reason for me to reconsider these conclusions; he does not cite any new evidence or legal authority, nor does he provide any reasons justifying relief.

The plaintiff also says that I "could have . . . refund[ed him] the money" that he paid to file this action. (ECF No. 7.) But the law does not permit a judge to refund a filing fee. Once the filing fee has been collected, it cannot be waived or refunded, regardless of the outcome of the action. *See Glendora v. Press*, No. 07-CV-940, 2007 WL 3254242, at *3 (N.D.N.Y. Nov. 2, 2007) ("[T]here is no basis upon which the Court can reasonably conclude that plaintiff is entitled to a refund of her filing fee.") (citing cases); *Goins v. DeCaro*, 241 F.3d 260, 262 (2d Cir. 2001) ("[F]ee-paying litigants have no opportunity to obtain a refund of their filing fees in the event that they withdraw their appeals.").

The plaintiff says that he "did not repl[y] right away" because he had coronavirus and was extremely sick. (ECF No. 7.) I construe this discussion as a request to file an amended complaint. In light of the plaintiff's circumstances, I grant him additional time to file an amended complaint, even though his time to do so has expired.

For the reasons stated above, the plaintiff's requests for reconsideration and a refund are denied. However, I give him thirty days from the date of this memorandum and order to file an

3

amended complaint.  To establish that there is subject matter jurisdiction, the plaintiff must allege facts to show how his own rights were violated.  The new complaint must be captioned "Amended Complaint" and bear the same docket number as this order (20-CV-947 (AMD) (LB)).  The plaintiff is advised that any amended complaint will completely replace the original complaint, so he should not rely on any allegations in his prior complaint.  The Clerk of Court is respectfully directed to reopen this case and vacate the judgment dismissing this action.  If the plaintiff does not amend the complaint within thirty days of the date of this memorandum and order, judgment dismissing this action will enter.

**SO ORDERED.**

      s/Ann M. Donnelly
--------
ANN M. DONNELLY
United States District Judge

Dated:  Brooklyn, New York
       November 23, 2020